1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

December 2007 Grand Jury

| UNITED STATES OF AMERICA, | ) CR 08- **CR08-01134** |
|---|---|
| Plaintiff, | ) **I N D I C T M E N T** |
| v. | ) [21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iii): Conspiracy to Distribute Cocaine Base; 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(iii): Distribution of Cocaine Base] |
| DAVIAN OATEZ, aka "Junebug," and CRAIG DARRELL DANIEL, aka "Shady Boy," | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iii)]

A.  OBJECT OF THE CONSPIRACY

Beginning on an unknown date, and continuing to at least on or about May 8, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendants DAVIAN OATEZ, also known as ("aka") "June Bug" ("OATEZ"), and CRAIG DARRELL DANIEL, aka "Shady Boy" ("DANIEL"), and others known and unknown to the Grand Jury, conspired and agreed with each other to

CP:cp

knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in the form of crack cocaine, a schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

B. **MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WERE TO BE ACCOMPLISHED**

1. Defendant OATEZ would take orders from and make initial contact with customers looking to purchase crack cocaine, and then would provide those customers' phone numbers to defendant DANIEL.

2. Defendant DANIEL would contact those customers and sell them crack cocaine.

C. **OVERT ACTS**

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the defendants and others known and unknown to the Grand Jury committed various overt acts, on or about the following dates, within the Central District of California and elsewhere, including but not limited to the following:

1. On April 23, 2008, using coded language in a telephone conversation, defendant OATEZ offered to sell a confidential government informant ("CI") two ounces of crack cocaine at the price of $600 per ounce.

2. On April 23, 2008, using coded language in a telephone conversation, defendant OATEZ asked the CI to meet defendant OATEZ that day to carry out a sale of two ounces of crack cocaine to the CI.

3. On May 6, 2008, using coded language in a telephone conversation, defendant OATEZ told the CI that defendant OATEZ would check with defendant OATEZ's supplier in order to find crack cocaine to sell to the CI.

4. On May 6, 2008, using coded language in a telephone conversation, defendant OATEZ told the CI that defendant OATEZ was trying to find the CI the "coolest price" on crack cocaine so that the CI would be able to make a profit in redistributing that crack cocaine.

5. At a date and time unknown, but before May 8, 2008, defendant OATEZ directed defendant DANIEL to contact the CI and arrange to sell the CI two ounces of crack cocaine.

6. On May 8, 2008, using coded language in a telephone conversation, defendant DANIEL told the CI that he could sell two ounces of crack cocaine to the CI at the price of $600 per ounce.

7. On May 8, 2008, using coded language in a telephone conversation, defendant DANIEL told the CI to meet defendant DANIEL that afternoon at the corner of Cimarron and 35th Streets in Los Angeles, California.

8. On May 8, 2008, defendant DANIEL delivered approximately 52.9 grams of crack cocaine to the CI, and received $1,200 from the CI.

9. On May 8, 2008, defendant DANIEL told the CI to call defendant DANIEL again once the CI ran out of crack cocaine.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii)]

On or about May 8, 2008, in Los Angeles County, within the Central District of California, defendants DAVIAN OATEZ, aka "Junebug," and CRAIG DANIEL, aka "Shady Boy," knowingly and intentionally distributed more than 5 grams, that is, approximately 52.9 grams, of a mixture or substance containing a detectable amount of cocaine base, in the form of crack cocaine, a schedule II narcotic drug controlled substance.

A TRUE BILL

_____/s/_____
Foreperson

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

TIMOTHY J. SEARIGHT
Assistant United States Attorney
Chief, OCDETF Section

ANDREW BROWN
Assistant United States Attorney
Deputy Chief, OCDETF Section

CHRISTOPHER K. PELHAM
Assistant United States Attorney
OCDETF Section